In re Anthony F. GENOVESE and Lisa D. Genovese, Debtors.

Bankruptcy No. 3–87–02233.

United States Bankruptcy Court, E.D. Tennessee.

Oct. 25, 1988.

Gary M. Kirk, Knoxville, Tenn., for debtors.

Maurice K. Guinn, Knoxville, Tenn., for Peter J. Galante, d/b/a Best Security Consultants.

Tate E. Carty, Knoxville, Tenn., Trustee.

MEMORANDUM ON MOTION TO ALTER OR AMEND ORDER DISMISSING CHAPTER 13 CASE AND DIRECTING DISTRIBUTION OF FUNDS AND MOTION TO VACATE

RICHARD S. STAIR, Jr., Bankruptcy Judge.

The court has before it two motions filed October 5, 1988, by the debtor's former employer, Peter J. Galante, d/b/a Best Security Consultants: (1) a "Motion To Alter Or Amend Order Dismissing Chapter 13 Case And Directing Distribution Of Funds"; and (2) a "Motion To Vacate." By his first motion, Mr. Galante requests the court to alter or amend its order entered September 26, 1988, dismissing the debtors' Chapter 13 case by deleting specified language in paragraph two and all of paragraph three. By his second motion, Mr. Galante seeks an order vacating an order of the court entered September 1, 1988, as amended September 22, 1988, finding him in civil contempt for failure to comply with a wage order entered November 16, 1987.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2) (West Supp.1988).

I

On September 12, 1986, the debtor, Anthony Genovese, executed a promissory note in the sum of $1,775 in favor of Peter or Roberta Galante. The note was due on or before January 12, 1987. On September 14, 1987, Anthony Genovese and his wife filed their joint petition under Chapter 13. The debtors did not schedule either Peter or Roberta Galante as a creditor.

On November 16, 1987, the court confirmed the debtors' plan providing for a seventy (70%) percent payment against allowed unsecured claims. The plan also provides for payment of a $2,490 mortgage arrearage on the debtors' residence out of the first funds received by the trustee, a $6,000 priority claim of the Internal Revenue Service, and administrative expenses. Also on November 16, 1987, the court, pursuant to 11 U.S.C.A. § 1325(c) (West Supp. 1988), entered an "Order For Deductions From Debtor's Wages" directing Best Security Consultants to pay $480 monthly of Anthony Genovese's wages directly to the Chapter 13 trustee. In compliance with the wage order, Mr. Galante made a $480 payment to the trustee on December 11, 1987. He made no further payments to the trustee.

On June 1, 1988, the Chapter 13 trustee filed a report reciting he had received a total of $1,440 toward the debtors' plan as of May 27, 1988,[1] and requested issuance of a show cause order to determine if the debtors could continue under their plan.

On July 11, 1988, the debtors filed a "Motion For Certificate Of Contempt" asserting wages were improperly withheld by Best Security Consultants. At a hearing on the contempt motion held August 31, 1988, the court found that both Anthony Genovese and Peter Galante had adopted a cavalier attitude toward the November 16, 1987 wage order; that the debtors omitted debts owed the Galantes and an individual, Mike Carroll, in their Chapter 13 statement; that Peter Galante had knowledge of his obligations under the wage order; that Peter Galante applied wages due Anthony Genovese to satisfy the balance due on the September 12, 1986 promissory note; that Mr. Genovese was in civil contempt for his failure to comply with the November 16, 1987 wage order; and that an additional $1,440 should have been paid the Chapter 13 trustee by Mr. Galante from the wages of Anthony Genovese.

Based upon its findings at the August 31, 1988 hearing, the court entered an order on September 1, 1988, finding Peter J. Galante, d/b/a Best Security Consultants, in contempt. This order further directed Mr. Galante to pay the Chapter 13 trustee $1,760, representing the $1,440 in misapplied wages plus a reasonable attorney's fee for services of the debtors' attorney relative to the contempt motion. By its September 1, 1988 order, the court directed the trustee to distribute the $1,440 in accordance with the debtors' plan. On September 22, 1988, the contempt order was

1. The debtors presumably made two $480 monthly payments directly to the trustee.

amended to provide that upon payment of the $1,760 by Peter Galante to the Chapter 13 trustee, the promissory note would be returned to the Galantes, and the endorsement on the note evidencing payment in full would be cancelled.

On September 19, 1988, the debtors filed a motion to dismiss their Chapter 13 case. An order was entered September 26, 1988, dismissing the case. This order further directed the trustee to disburse the balance of funds on hand, together with $1,440 of the $1,760 due from Peter Galante, in accordance with the provisions of the debtors' confirmed plan.

## II

Mr. Galante relies upon Bankruptcy Code § 349(b) in support of his motions. Section 349(b) provides:

(b) Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title—

(1) reinstates—

(A) any proceeding or custodianship superseded under section 543 of this title;

(B) any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or preserved under section 510(c)(2), 522(i)(2), or 551 of this title; and

(C) any lien voided under section 506(d) of this title;

(2) vacates any order, judgment, or transfer ordered, under section 522(i)(1), 542, 550, or 553 of this title; and

(3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.

11 U.S.C.A. § 349(b) (West 1979).

Mr. Galante contends the court's order directing him to pay $1,760 to the Chapter 13 trustee is within the scope of 11 U.S.C.A. § 542(a) or (b) (West 1979)[2] and 11 U.S.C.A. § 549(a) (West Supp.1988).[3] The court disagrees with Mr. Galante's interpretation of § 349(b).

The legislative history accompanying § 349(b) provides:

Subsection (b) specifies that the dismissal reinstates proceedings or custodianships that were superseded by the bankruptcy case, reinstates avoided transfers, reinstates voided liens, vacates any order, judgment, or transfer ordered as a result of the avoidance of a transfer, and revests the property of the estate in the entity in which the property was vested at the commencement of the case. *The court is permitted to order a different result for cause.* The basic purpose of the subsection is to undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case. This does not necessarily encompass undoing sales of property from the estate to a good faith purchaser. Where there is a question over the scope of the subsection, the court will make the appropriate orders to protect rights acquired in reliance on the bankruptcy case.

2. Section 542 provides in material part:

**§ 542. Turnover of property to the estate**
(a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.
(b) Except as provided in subsection (c) or (d) of this section, an entity that owes a debt that is property of the estate and that is ma-

tured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.

3. Section 549 provides in material part:

**§ 549. Postpetition transactions**
(a) Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate—
(1) that occurs after the commencement
(2)(A) that is authorized only under section 303(f) or 542(c) of this title; or
(B) that is not authorized under this title or by the court.

H.R.Rep. No. 95–595, 95th Cong. 1st Sess. 338 (1977); S.Rep. No. 95–989, 95th Cong. 2d Sess. 48–49 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787 (emphasis added).

Subsection (b) of § 349 is not designed to accomplish the result sought by Mr. Galante. To permit the avoidance of obligations imposed under the September 1, 1988 order of contempt (as amended) through reliance upon subsection (b) would extend that subsection's interpretation to an unreasonable extreme. Section 349(b) does not speak of nor even hint at the result Mr. Galante seeks.

Further, the legislative history notes that "for cause" a court may mandate a result contrary to that normally reached under § 349(b). Here such cause exists. Mr. Galante disregarded the November 16, 1987 wage order entered by this court. He should not be permitted to profit from his willful disregard of this court's order.' In fact, Mr. Galante, with knowledge of the debtor's Chapter 13 case, ignored the automatic stay of Bankruptcy Code § 362(a) and applied the debtor's wages in satisfaction of his own claim.[4]

The effect of the September 1, 1988 contempt order, except insofar as it provides for the payment of attorney's fees, places Mr. Galante in the identical position he would have occupied had he complied with the wage order. This court cannot countenance willful disregard of its orders.

For the reasons stated above, the "Motion To Alter Or Amend Order Dismissing Chapter 13 Case And Directing Distribution Of Funds" and "Motion To Vacate" filed October 5, 1988, by Peter J. Galante, will be denied. An appropriate order will enter.

---

**4.** The bar date for filing claims was February 1, 1988. Notwithstanding that Mr. and Mrs. Galante are not scheduled creditors, they had am-

ple opportunity after receipt of the November 16, 1987 wage order to file their proof of claim.